IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WHITNEY JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-1834-D |
| | § | |
| MICHAEL ANDERSON, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed personal injury action, non-parties Methodist Dallas Medical Center ("Methodist Dallas") and Methodist Charlton Medical Center ("Methodist Charlton") move to quash and for a protective order in response to plaintiff Whitney Jones's ("Jones's") discovery requests. For the reasons that follow, the court denies the motions.

I

In October 2024 Jones was involved in an automobile accident. Following the accident, she received medical care at Methodist Dallas and Methodist Charlton. In September 2025 Jones subpoenaed Methodist Dallas and Methodist Charlton for her medical and billing records from the date of the accident to the present. Jones also requested other forms of discovery, such as a deposition by written questions. Br. (ECF No. 16) 2.* In response, Methodist Dallas and Methodist Charlton moved to quash and for a protective

---

*The court cites only one of the briefs because Methodist Dallas and Methodist Charlton have submitted nearly identical briefs.

order. Jones has not responded to these motions, which the court is now deciding on the briefs submitted by Methodist Dallas and Methodist Charlton, without oral argument.

II

Fed. R. Civ. P. 26(b)(1) provides that a party may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Rule 26(b)(1). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (Ramirez, J.) (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001)).

Rule 45 governs subpoenas to obtain discovery from non-parties. The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rule 45(d)(1). Rule 45(d)(3)(A)(iv) requires that, on timely motion, the court must quash or modify a subpoena if it "subjects a person to undue burden." Rule 45(d)(3)(A)(iv). The movant has the burden of proof, *see Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998) (Fitzwater, J.)), and must meet "the heavy burden of establishing that compliance with the subpoena would be 'unreasonable and oppressive.'" *Williams*, 178 F.R.D. at 109 (citation omitted).

Under Rule 26(c)(1), the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Rule

26(c)(1). The burden is on the moving party "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (per curiam) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). "If a party maintains that a protective order is necessary to protect it from undue burden or expense, it 'must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.'" *Samurai Glob., LLC v. Landmark Am. Ins. Co.*, 2023 WL 2190190, at *3 (N.D. Tex. Feb. 23, 2023) (Fitzwater, J.) (quoting *Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017) (Horan, J.)).

III

Methodist Dallas and Methodist Charlton contend that their motions should be granted because Jones's discovery requests are premature, procedurally defective, and invasive and burdensome.

A

Under Rule 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . or when authorized by these rules, by stipulation, or by court order." Rule 26(d)(1). Methodist Dallas and Methodist Charlton maintain that they are entitled to relief because the parties have not engaged in a Rule 26(f) conference. In August 2025, however, the parties represented to the court that they had met and conferred on matters specified in Rule 26(f). Methodist Dallas and Methodist Charlton

have not provided any evidence to the contrary. Accordingly, the court denies the motions to the extent that they are based on this ground.

B

Methodist Dallas and Methodist Charlton also contend that the discovery requests are procedurally defective. To support this assertion, they primarily rely on various provisions of the Texas Rules of Civil Procedure. But "federal courts sitting in diversity jurisdiction . . . adhere to federal rules of procedure." *Newby v. Kroger Co.*, 2020 WL 3963740, at *1 (N.D. Tex. July 11, 2020) (Godbey, J.) (citing *Hanna v. Plumer*, 380 U.S. 460, 466-67 (1965)); *see Hearn v. Kroger Tex., L.P.*, 2021 WL 12289170, at *1-2 (N.D. Tex. Nov. 10, 2021) (Fitzwater, J.) (applying Federal Rules of Civil Procedure to movant's request for protective order in diversity jurisdiction suit); *Ruiz v. Home Depot U.S.A., Inc.*, 2024 WL 2982042, at *3-4 (N.D. Tex. June 13, 2024) (Fitzwater, J.) (applying Federal Rules of Civil Procedure to request to quash subpoenas in diversity jurisdiction suit). Thus Methodist Dallas' and Methodist Charlton's reliance on the Texas Rules of Civil Procedure is unavailing.

Methodist Dallas and Methodist Charlton do cite specific provisions of Rule 45—namely Rule 45(a)(4) and (b)(1)—in various footnotes. Rule 45(a)(4) provides that "before [the subpoena] is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on *each party*." Rule 45(a)(4) (emphasis added). But Methodist Dallas and Methodist Charlton—who are non-parties—do not explain how this provision renders the subpoenas defective.

Their reference to Rule 45(b)(1) is also inadequate. Rule 45(b)(1) "requires delivering a copy [of the subpoena] to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Rule 45(b)(1). Methodist Dallas and Methodist Charlton have failed to demonstrate that Jones's discovery requests do not comply with this rule. The court is therefore unable to find that the subpoenas are procedurally defective on this basis.

C

Finally, Methodist Dallas and Methodist Charlton maintain that Jones's requests are an "invasion" of their "personal, constitutional, or property rights." Br. (ECF No. 16) 5. The subpoenaed documents, they add, "directly implicate the trade secret and property rights of numerous third-party insurance and medical-care providers." *Id.* at 6. Beyond these conclusory assertions, Methodist Dallas and Methodist Charlton do not explain how Jones's requests for information about her own medical and billing records raises such concerns. Nor have they identified which specific parts of the discovery requests are invasive.

Methodist Dallas and Methodist Charlton also posit that the discovery requests are unduly burdensome, costly, and harassing. Yet they fail to present facts that demonstrate how the requests are objectionable on any of these grounds. Thus Methodist Dallas and Methodist Charlton have neither met their "heavy burden" to establish that the subpoenas are "unreasonable and oppressive" under Rule 45, *see Williams*, 178 F.R.D. at 109, nor provided a "particular and specific demonstration of fact" to meet their burden under Rule 26(c), *see In re Terra Int'l, Inc.*, 134 F.3d at 306.

- 5 -

Accordingly, the court denies the motions of Methodist Dallas and Methodist Charlton to quash and for a protective order. Although Jones did not respond to these motions, Methodist Dallas and Methodist Charlton have not met their initial burdens under Rule 45 or Rule 26(c).

\* \* \*

For the reasons explained, the court denies the October 16, 2025 motions of Methodist Dallas and Methodist Charlton to quash and for a protective order.

**SO ORDERED**.

December 23, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE